REQUESTED BY: Senator John W. DeCamp Nebraska State Legislature State Capitol Lincoln, Nebraska 68509
Dear Senator DeCamp:
You have submitted to us a copy of a proposed amendment to LB 586, under which all of the original sections of that bill would be stricken, and new sections substituted. You ask our opinion as to the constitutionality of the amendment.
This amendment is, except for updating and one insignificant change, an exact copy of sections 7 to 11 of LB 284, passed by the Legislature in 1981 and codified as Neb.Rev.Stat. §§ 77-3611 to 77-3615 (Supp. 1981). In our opinion No. 78, issued April 14, 1981, we reached the conclusion that sections 7 to 11 of LB 284 were unconstitutional. After passage of the bill we brought an action in the District Court of Lancaster County to have those sections declared unconstitutional. The district court agreed with us, and declared them unconstitutional.
In your letter you suggest that the recent case ofCounty of Antelope v. Stenberg, in which the Supreme Court upheld a distribution based upon the ratio of taxes levied by each county to the total taxes levied by all counties, as specified in Neb.Rev.Stat. § 77-27,137 (Supp. 1982), somehow changed the picture. You state that this case `clarified and apparently vastly expanded the rights and ability of the Legislature to provide property tax relief.'
We completely disagree with that analysis of the effect of that case. The rule is, and always has been, that a legislative classification will be upheld if it has a rational basis. The court felt, as we did, that distribution of state aid to counties on the basis of the ratio of the amount of taxes levied had a rational basis. That is all that the court has ever required of legislative classifications, and is not an `expansion' of the rights of the Legislature, nor a retreat from any of its previous requirements.
Your proposed amendment, however, would make the distribution on the basis of the ratio of assessed valuations of taxable property in each county. We felt in 1981 that such a distribution was irrational, because it gave the most money to counties which needed it least, since a county with the same population as another county, but higher valuation of taxable property, could raise the same amount of taxes as the other county with a proportionately lower mill levy, and would, at the same time, get more state aid. That seemed irrational to us, and to the District Court of Lancaster County. It still seems so to us.
Very truly yours, PAUL L. DOUGLAS Attorney General Ralph H. Gillan Assistant Attorney General